UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSE A. DUGAY,

          Plaintiff,

vs.

QUIRK WIRE CO., INC. and
HARRISON QUIRK,

          Defendants.

CIVIL ACTION NO. 04-40030-NMG

## ANSWER

NOW COME Quirk Wire Co., Inc. (hereafter "Quirk Wire") and Harrison Quirk (hereafter "Quirk") (collectively "Defendants"), pursuant to the Federal Rules of Civil Procedure, and in response to the Complaint filed in the above-captioned matter, and file this Answer:

## FIRST DEFENSE

### Jurisdiction

1. To the extent that the allegations contained in paragraph 1 are prefatory no answer is required, should an answer be required, these allegations are denied.

### Venue

2. To the extent that the allegations contained in paragraph 2 are prefatory no answer is required, should an answer be required, these allegations are denied.

### Parties

3. Defendants admit that Plaintiff is an individual but have no first-hand information where he currently resides, thus, the remaining allegations of Paragraph 3 are denied.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit that the Plaintiff's job title was extruder operator.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants admit that Dugay was terminated for performance problems on February 21, 2003.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17.

18. Defendants admit that Plaintiff reported to work on the weekend following his eye injury, but they are without first-hand knowledge over whether he suffered from pain or vision loss at that time, thus, the remaining allegations of Paragraph 18 are denied.

19. Defendants are without first-hand knowledge of the allegations contained in Paragraph 19, thus, they are denied.

20. Defendants are without first-hand knowledge of the allegations contained in Paragraph 20, thus, they are denied.

21. Defendants are without first-hand knowledge of the allegations contained in Paragraph 21, thus, they are denied.

22. Defendants admit the allegations contained in paragraph 22.

23. Defendants admit the allegations contained in paragraph 23.

24. Defendants are without first-hand knowledge of the allegations contained in Paragraph 24, thus, they are denied.

25. Defendants are without first-hand knowledge of the allegations contained in Paragraph 25, thus, they are denied.

26. Defendants are without first-hand knowledge of the allegations contained in Paragraph 26, thus, they are denied.

27. Defendants are without first-hand knowledge of the allegations contained in Paragraph 27, thus, they are denied.

28. Defendants are without first-hand knowledge of the allegations contained in Paragraph 28, thus, they are denied.

29. Defendants are without first-hand knowledge of the allegations contained in Paragraph 29, thus, they are denied.

30. Defendants admit the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31 as written.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33 .

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants admit the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants are without first-hand knowledge of the allegations contained in Paragraph 37, thus, they are denied.

38. Defendants are without first-hand knowledge of the allegations contained in Paragraph 38, thus, they are denied.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants admit the allegations contained in paragraph 42.

43. Defendants admit the allegations contained in paragraph 43.

44. Defendants admit the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants admit the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants admit the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants admit that mistakes were not uncommon, but deny that the type of mistakes that Plaintiff made which gave rise to his termination were common.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. Defendants deny the allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants admit the allegations contained in paragraph 61.

62. Defendants deny the allegations contained in paragraph 62 as written.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65 as written.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants admit the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants admit the allegations contained in paragraph 71.

72. Defendants admit the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants admit only that they do not know if the person who replaced Plaintiff is disabled.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77.

78. Defendants admit the allegations contained in paragraph 78.

79. Defendants deny the allegations contained in paragraph 79.

80. Defendants deny the allegations contained in paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Defendants deny the allegations contained in paragraph 82.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants admit the allegations contained in paragraph 84.

85. Defendants are without first-hand knowledge of the allegations contained in Paragraph 85, thus, they are denied.

86. Defendants are without first-hand knowledge of the allegations contained in Paragraph 86, thus, they are denied.

### Count I - Violation of Americans with Disabilities Act

87. Defendant Quirk Wire repeats its answers to Paragraphs 1 through 86 above and incorporates those answers as if fully set forth herein.

88. Defendant Quirk Wire denies the allegations contained in paragraph 88.

89. Defendant Quirk Wire denies the allegations contained in paragraph 89.

### Count II - Violation of M.G.L. c. 151B - Handicap Discrimination

90. Defendants repeat their answers to Paragraphs 1 through 89 above and incorporates those answers as if fully set forth herein.

91. Defendants deny the allegations contained in paragraph 91.

92. Defendants deny the allegations contained in paragraph 92.

### Count III - Violation of M.G.L. c. 152, § 75B

93. Defendant Quirk Wire repeats its answers to Paragraphs 1 through 92 above and incorporates those answers as if fully set forth herein.

94. Defendant Quirk Wire denies the allegations contained in paragraph 94.

95. Defendant Quirk Wire denies the allegations contained in paragraph 95.

### Count IV - Violation of the FMLA

96-102. Count IV having been voluntarily dismissed by Plaintiff, no responsive pleading is required to paragraphs 96-102 of the Complaint. To the extent any pleading is required, Defendant Quirk Wire denies the allegations of paragraphs 96, 98-102, but admits the allegations in paragraph 97.

### Count V - Intentional Infliction of Emotional Distress

103. Defendant Harrison Quirk repeats his answers to Paragraphs 1 through 102 above and incorporates those answers as if fully set forth herein.

104. Defendant Harrison Quirk denies the allegations contained in paragraph 104.

105. Defendant Harrison Quirk denies the allegations contained in paragraph 105.

106. Defendant Harrison Quirk denies the allegations contained in paragraph 106.

107. Defendant Harrison Quirk denies the allegations contained in paragraph 107.

### Relief Sought

To the extent that the allegations contained in paragraphs A-G describe the relief sought by Plaintiff no answer is required, should an answer be required, these allegations are denied. Further answering, Defendants deny that their actions caused Plaintiff harm.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff failed to comply with all statutory procedural requirements prior to initiating this action, and his discrimination claims are therefore barred.

### FOURTH DEFENSE

Plaintiff is not entitled to a jury trial on his M.G.L. c. 151B claim.

### FIFTH DEFENSE

Plaintiff can not recover for emotional distress because the workers' compensation statute is his exclusive remedy for personal injuries arising out of employment.

### SIXTH DEFENSE

Harrison Quirk is not a proper party.

                                                         Respectfully submitted,

                                                           /s/ Timothy F. Murphy  
                                                         Timothy F. Murphy, Esq.  
                                                         BBO No. 556429  
                                                         Counsel for Defendants  
                                                         Skoler, Abbott & Presser, P.C.  
                                                         One Monarch Place, Suite 2000  
                                                         Springfield, Massachusetts  01144  
Dated:  June 29, 2004                    Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on June 29, 2004.

                                                         /s/ Timothy F. Murphy  
                                                       Timothy F. Murphy, Esq.

F:\OFFICE DOCUMENTS\Data\Quirk Wire\Dugay, Jesse A\Litigation 04-40030-NMG\Answer.wpd